IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

KATHY REED                                                                                             PLAINTIFF

V.                                                              CIVIL ACTION NO.: 1:09CV84-SA-JAD

ANA FLORES, M.D., AND
THE MEYER EYE GROUP                                                                       DEFENDANTS


MEMORANDUM OPINION
DENYING MOTION TO REMAND

Presently before the Court is Plaintiff's Motion to Remand [6]. After reviewing the motion, briefs, applicable statutory and case law and being otherwise fully advised as to the premises, the Court finds as follows:

BACKGROUND

Plaintiff Kathy Reed sued Defendants Ana Flores, M.D. and The Meyer Eye Group for medical negligence in the Circuit Court of Monroe County, Mississippi, on September 30, 2008. The Complaint alleges Plaintiff "suffered severe physical (loss of her vision in the eye) and emotional damage, including pain and suffering and medical expense, past, present, and future for which she is entitled to all damages available under Mississippi law." In accordance with Mississippi Code Section 11-1-59, the *ad damnum* clause of Plaintiff's Complaint requested damages "in an amount in excess of $10,000." See Miss. Code Section 11-1-59 (stating that in medical malpractice actions "the complaint . . . shall not specify the amount of damages claimed, but shall only state that the damages claimed are within the jurisdictional limits of the court . . . and whether or not the amount of such damages is ten thousand dollars ($10,000.00) or more . . ." ).

On March 16, 2009, Plaintiff responded to a request for admissions propounded by

Defendant Ana Flores, M.D., asking that Plaintiff "admit that you will not seek damages nor will you execute on any judgment rendered in your favor against any of the defendants in excess of $75,000.00, exclusive of interest and costs." Plaintiff denied this requested admission. On April 2, 2009, Defendants removed this action, citing diversity jurisdiction pursuant to 28 U.S.C. Section 1332. Defendants allege that all parties are diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs. Plaintiff filed her Motion to Remand on April 8, 2009, and requested this Court remand the case as Defendants' removal was untimely.

## REMAND STANDARD

A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof. Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., 99 F. 3d 746, 751 (5th Cir. 1996) ("A party invoking the removal jurisdiction of the federal courts bears a heavy burden."); Bosky v. Kroger Texas, L.P., 288 F. 3d 208, 210 (5th Cir. 2002) ("The removing party is always required to 'prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.'"). Doubts concerning removal are to be construed against removal and in favor of remand to state court. Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F. 3d 720, 723 (5th Cir. 2002) (citation omitted).

## ANALYSIS

Plaintiff asserts that this case should be remanded as Defendants' removal was untimely under 28 U.S.C. § 1446(b). Specifically, Plaintiff argues that the thirty-day time period in which a defendant may file a notice of removal started to run when the Complaint was served on

Defendants, as it is apparent on its face that the amount in controversy exceeds $75,000. Thus, Plaintiff contends, because Defendants waited more than thirty-days after service of process to remove the case, the removal was untimely. Defendants argue that the thirty-day removal window was not triggered until Plaintiff denied the requested admission; therefore, their notice of removal was timely filed on April 2, 2009, within the thirty-day window. Defendants further assert that the Complaint did not trigger the thirty-day window as it did not specifically state the amount of damages Plaintiff was seeking. This Court, therefore, must decide whether the Complaint filed on September 30, 2008, or the request for admission denial, triggered the thirty-day window in which Defendants properly could remove the case to federal court.

Title 28, United States Code, Section 1446(b) provides the time period within which defendants in a state court action must file a notice of removal. Section 1446(b) provides in pertinent part that:

> [t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

For service of the initial pleading to start the running of the thirty-day time period, the pleading must "*affirmatively reveal[] on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." Chapman v. Powermatic, Inc., 969 F. 2d 160, 163 (5th Cir. 1992) (emphasis added).[1] If the initial pleading does not so reveal, "a notice of

---

[1] District courts in this circuit are split on what Chapman requires in order for the thirty-day period to begin running from service of the initial pleading. See Capturion Network, LLC v. Daktronics, Inc., No. 2:08cv232, 2009 WL 1515026 (S.D. Miss. May 29, 2009) (thoroughly discussing split). Some interpret Chapman to require that an initial pleading allege a dollar amount that exceeds the jurisdictional minimum. Staton v. Wells Fargo Bank, N.A., 192 F. Supp. 2d 681, 683-684 (N.D. Tex. 2002); Freeman v. Witco Corp., 984 F. Supp. 443, 446-447 (E.D. La. 1997). Others require that the clock begins running even when no dollar amount is alleged in the initial pleading, as long as the allegations would otherwise put the defendant on notice that the amount in controversy

3

removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of . . . other paper from which it may be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). The Fifth Circuit adopted such a rule because "it promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know." Chapman, 969 F. 2d at 163; see also Bosky, 288 F. 3d at 210. The Court explained that "the better policy is to focus the parties' and the court's attention on what the initial pleading sets forth, by adopting a bright line rule requiring the plaintiff, if he wishes the thirty-day period to run from the defendant's receipt of the initial pleading, to place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount." Id.

Plaintiff's Complaint merely seeks damages "in an amount in excess of $10,000," and it is not otherwise apparent from the allegations therein that more than $75,000 is in controversy. Consequently, the Court finds the original petition does not "affirmatively reveal on its face" that the Plaintiff is seeking damages that exceed the jurisdictional amount. See Chapman, 969 F. 2d at 162, 163. Therefore, Defendants' thirty-day window to file a notice of removal began running when they received "other paper" from which they could first ascertain that the case was removable. 28 U.S.C. 1446(b). Here, Defendants could first ascertain that Plaintiff sought over $75,000 in damages when they received Plaintiff's response to their request for admissions on March 16, 2009. Thus, the notice of removal filed on April 2, 2009, was timely, and the case should not be remanded on this ground.

---

likely exceeds the minimum. Stone v. Nirvana Apts., 2008 WL 4844715, 15-16 (W.D. Tex. Oct. 17, 2008). Here, the Court does not decide which line of cases is more persuasive as Plaintiff's original petition neither contains a dollar amount in excess of $75,000 nor puts the Defendant's on notice that more than $75,000 is in controversy.

CONCLUSION

Based on the foregoing analysis, the Court finds that Plaintiff's Motion to Remand [6] is DENIED.

A separate order in accordance with this opinion shall be issued this day.

SO ORDERED, this the 10th day of November, 2009.

**/s/ Sharion Aycock**
**UNITED STATES DISTRICT JUDGE**

5
